IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FOUST,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. C 10-80204 CRB

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND COMPELLING COMPLIANCE WITH SUMMONSES**

## I.    BACKGROUND

Petitioner Douglas Foust filed an action seeking to Quash Internal Revenue Service ("IRS") Summonses issued by the IRS to various financial institutions seeking records relating to Foust's family members and business associates.[1] Those summonses were issued as part of an investigation into possible tax evasion. The government has moved to dismiss the Petition to Quash (and to compel compliance with its summonses) and argues that (1) this Court lacks jurisdiction to quash the summonses because Foust did not mail his petition to the agent who issued the summonses as required by 26 U.S.C. § 7609(b)(2)(B); and, in any case, (2) the summonses were validly issued.

---

[1] Several individuals, Petitioner's relatives who were implicated in the summonses issued to the third-party financial institutions, have moved to intervene. Dkts. 14-17. None of the proposed interveners were present in Court at the hearing on these matters. Accordingly, the Motions to Intervene (Dkts. 14-17) are DENIED.

The Motion to Dismiss is GRANTED. The parties served with summonses are hereby directed to comply with those summonses. The Court reaches this conclusion because Petitioner failed to comply with section 7609(b)(2)(B) in that he did not send a copy of his Petition to Special Agent Jeffery Maurice by registered or certified mail.

## II.    LEGAL STANDARD

The target of an IRS investigation can challenge a summons issued by the government to a third-party. 26 U.S.C. § 7609. Any such challenge must be commenced "not later than the 20th day after the day [] notice is given [informing him that summonses have been issued] . . . ." Id. § 7609(b)(2)(A). Further, the petitioner must, within twenty days after notice is given to him that summonses have been issued, "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice . . . ." Id. § 7609(b)(2)(B) (emphasis added). The requirements of section 7609 are jurisdictional. Mollison v. United States, 568 F.3d 1073, 1075 (9th Cir. 2009) (concluding that (1) "the summoned person and the IRS officer named on the face of the summons" "must be mailed [the petition] within twenty days of the notice of the summons"; and (2) describing the requirements as section 7609 as jurisdictional in nature) (emphasis added).

## III.   THIS COURT LACKS JURISDICTION TO ENTERTAIN THE PETITION TO QUASH

Foust was served with copies of the summonses he is now challenging on August 12, 2010 and September 1, 2010. Maurice Decl. (Dkt. 13) ¶¶ 8-9, Ex. 3. The notice provided to Foust explained to him that, if he wanted to challenge the summonses, he needed to follow the procedures set forth above regarding sending a copy of his Petition to IRS Special Agent Maurice within twenty days of being notified that the summonses had been issued. Id. ¶¶ 8-9, Ex. 3.[2] Foust filed his Petition to Quash on August 17, 2010 but did not serve Special

---

[2] Foust was provided with a copy of Form 2039, which provides instructions on how to prepare a Petition to Quash. In addition to including the relevant statutory provisions, it also expressly notes that "[a]t the time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons." Id. (emphasis added).

2

1 Agent Maurice as of Special Agent Maurice's Declaration on September 30, 2010. Maurice
2 Decl. (Dkt. 13) ¶ 14.  September 30, 2010 is more than twenty days past the point at which
3 Foust received notice of the summonses' issuance and more than twenty days after the
4 Petition to Quash was filed.  Thus, this Court is barred from reviewing Foust's Petition to
5 Quash, and it must be dismissed.  See 26 U.S.C. § 7609(b)(2)(B); Mollison, 568 F.3d at
6 1075.[3]

### IV. CONCLUSION

Because Petitioner failed to mail a copy of his Petition to Quash to Special Agent Maurice as required by 26 U.S.C. § 7609, the Motion to Dismiss the Motion to Quash is GRANTED.  All third parties are required to comply with the summonses.  The Motions to Intervene are DENIED.

**IT IS SO ORDERED.**



Dated: November 5, 2010　　　　　　　　　CHARLES R. BREYER
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Foust did not address his failure to serve Special Agent Maurice in his Opposition to the government's Motion to Dismiss nor did he discuss it when provided an opportunity to present his arguments to the Court at the hearing held in this matter on November 5, 2010.